SMITH, Appellant,

v.

KOEHLER et al., Appellees. ■

[Cite as *Smith v. Koehler* (1992), 91 Ohio App.3d 337.]

Court of Appeals of Ohio,
Hancock County.

No. 5–92–23.

Decided Dec. 29, 1992.

*Young & Alexander Co., L.P.A., Steven O. Dean* and *Kenneth J. Ignozzi,* for appellant.

*Bernard K. Bauer Co., L.P.A.,* and *Bernard K. Bauer,* for appellees.

SHAW, Judge.

This is an appeal from a summary judgment entered in the Hancock County Court of Common Pleas, in favor of the defendants-appellees, James C. Koehler and others, and against the plaintiff-appellant, Robert M. Smith ("plaintiff").

The plaintiff originally filed suit on February 25, 1991, seeking relief as to the alleged conduct of the defendants on several separate causes of action. On April 8, 1991, the plaintiff filed an amended five-count complaint. Named as defendants were James C. Koehler, individually and as a partner in Tiffin Avenue Investors; Tiffin Avenue Investors, an Ohio partnership; Koehler Brothers, Inc., an Ohio corporation; and High Quality Plastics, Inc., an Ohio corporation.

The first and second counts of the plaintiff's amended complaint were styled as shareholder derivative actions brought on behalf of High Quality Plastics, Inc. The third count alleged a breach of fiduciary duty owed to the plaintiff as a shareholder of High Quality Plastics, Inc. and to the corporation itself. The fourth and fifth counts alleged breach of contract.

On July 25, 1991, the defendants filed a motion for summary judgment. On May 11, 1992, the defendants' motion was granted by the trial court as to the first, second, and third counts of the plaintiff's complaint.

The plaintiff thereafter brought the instant appeal, raising the following sole assignment of error:

"The trial court erred in granting summary judgment in favor of the Defendant–Appellee [*sic*] and against the Plaintiff–Appellant in regard to counts one, two and three of the Plaintiff–Appellant's amended complaint, where the facts upon which the court relied, construed most strongly in favor of the Plaintiff–Appellant, raised the inference that the Plaintiff–Appellant was an equitable owner of shares, and therefore entitled to bring a shareholder derivative action and actions for breach of fiduciary duties among shareholders."

A derivative suit is an action brought by one or more shareholders to enforce a corporate claim in the name of, or on behalf of, the corporation. Civ.R. 23.1 provides for the bringing of derivative suits by "legal or equitable owners of shares." Thus, a prospective derivative suit plaintiff must be a legal or equitable owner of stock in order to have standing to sue.

In the case *sub judice*, the record reveals that an agreement was entered into on December 27, 1984, by which Koehler Brothers, Inc., the sole shareholder of High Quality Plastics, Inc., agreed to assign a twenty-five percent ownership interest in High Quality Plastics, Inc. to the plaintiff in consideration of $2,500 to be paid by the plaintiff.

The record further reflects that on February 25, 1986, plaintiff tendered a $2,500 check payable to "Koehler Brothers." The check was deposited in the account of Koehler Brothers, an Ohio partnership, as opposed to the account of Koehler Brothers, Inc., the Ohio corporation. The plaintiff did not request the issuance of stock certificates and no transfer of the shares was ever noted in the corporate records of High Quality Plastics, Inc.

On these facts, the trial court found that the plaintiff is not a High Quality Plastics shareholder as a matter of law. As the plaintiff's first, second and third causes of action are premised upon his assertion that he is a stockholder or equitable owner of High Quality Plastics, Inc., the trial court granted summary judgment in favor of defendants as to those three causes of action.

Civ.R. 56(C) provides, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Thus, the issue before us is whether, upon the evidence presented, it can be determined, as a matter of law, that the plaintiff is not a shareholder or equitable owner of High Quality Plastics, Inc.

The term "shareholder" is defined by Ohio's general corporation law as "a person whose name appears on the books of the corporation as the owner of shares of such corporation." R.C. 1701.01(F). A subscriber is also considered to be a shareholder unless the articles, regulations, or subscription contract otherwise provide. *Id.* This statutory definition, however, applies to the word "shareholder" only as the word is used in R.C. 1701.01 to 1701.98. See R.C. 1701.01.

Moreover, as noted above, Civ.R. 23.1 provides for the bringing of derivative suits by legal or *equitable* owners, in recognition of the fact that one may have equitable title to stock without having legal title. A person may be considered a shareholder even though the corporation's books do not so indicate. See 12 Ohio Jurisprudence 3d (1979) 147, Business Relationships, Section 485. The fact that a purchaser of shares fails to have the shares transferred into his name upon the corporation's books does not deprive him of the beneficial interest in the shares. *Id.* Also, as between the buyer and the seller of certificated securities, although delivery of a signed stock certificate is generally required to effect a legal change of ownership, there may still be a beneficial, or equitable, change of ownership prior to the delivery of the certificated security, where the buyer and seller are contractually bound. 62 Ohio Jurisprudence 3d (1985) 89, Investment Securities, Section 55.

A review of the record, with these legal principles in mind, reveals several pertinent facts. First and foremost, while the plaintiff never received stock certificates, and although the records of High Quality Plastics, Inc. do not reflect a transfer of stock ownership, the fact remains that the plaintiff tendered a check for $2,500, which was the exact purchase price provided for in the contract. The record provides no other explanation for the $2,500 payment made by plaintiff.

Additionally, the contract was between the plaintiff and Koehler Brothers, Inc., but the check was made out to "Koehler Brothers." While it would be more technically correct to include "Incorporated" or "Inc." when writing a check to

the corporation, such an omission is certainly not unusual. Further, although the check was ultimately deposited in the Koehler Brothers partnership account, the record does not reveal who made the deposit and there is no indication that it was the plaintiff who did so. Finally, the record reveals that the check includes the notation ".25% of the stock of HQP" on the memo line.

█ In sum, while certain evidence in the record fails to support plaintiff's claim that he is a legal or equitable owner of High Quality Plastics, Inc., there is certainly evidence which does directly support the claim. The party moving for summary judgment bears the burden of showing that no genuine issue exists as to any material fact. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In consideration of the above facts and relevant law, we find that inferences could be drawn, from which, when viewed in the light most favorable to the plaintiff, reasonable minds could reach differing conclusions. Summary judgment was therefore inappropriate. Accordingly, appellant's sole assignment of error is sustained, the judgment of the trial court is reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and EVANS, J., concur.